UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CASE NO.: 1:21-cv-00536

DUFFY ARCHIVE LIMITED,

    Plaintiff,

v.

HEARD ENTERTAINMENT TEXAS, LLC
AND DAVID MACHINIST,

    Defendants.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff DUFFY ARCHIVE LIMITED by and through its undersigned counsel, brings this Complaint against Defendants HEARD ENTERTAINMENT TEXAS, LLC AND DAVID MACHINIST for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff DUFFY ARCHIVE LIMITED ("Duffy") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Duffy's original copyrighted Work of authorship.

2. The archive is made up of negatives and contact sheets of the work of legendary photographer and film producer Brian Duffy that have been retrieved from numerous UK and international publications such as Vogue, French Elle, Glamour, The Sunday Times, The Telegraph to name but a few in addition to work held by independent archives. Duffy's work has been exhibited in numerous galleries and museums around the world.  In 2013, the Victoria and Albert Museum procured the right to use Duffy's "Aladdin Sane" image as the lead image for the

"David Bowie" exhibition.  In 2014, Duffy's second book was released "Duffy Bowie: Five Sessions", which covers the back story to his work with David Bowie. The process of exhibiting Duffy's work continues and the future holds several more book projects illuminating Duffy's eclectic and influential work.

3. Defendant HEARD ENTERTAINMENT TEXAS, LLC ("HET") is a Texas limited liability company specializing in event management and marketing services for the music industry. At all times relevant herein, HET owned and operated the internet website located at the URL www.empireatx.com (the "Website").

4. Defendant David Machinist ("Machinist") is the Registrant of the Website and Chief Operating Officer for HET.

5. Defendants HET and Machinist are collectively referred to herein as "Defendants."

6. Duffy alleges that Defendants copied Duffy's copyrighted Work from the internet in order to advertise, market and promote their business activities.  Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting sales to the public in the course and scope of the Defendants' business.

## JURISDICTION AND VENUE

7. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9. Defendants are subject to personal jurisdiction in Texas.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in

infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

11. Heard Entertainment Texas, LLC d/b/a Empire Control Room is a Texas Limited Liability Company, with its principal place of business at 606 East 7th Street, Austin, TX 78701, and can be served by serving its Registered Agent, Mr. Stephen D. Sternschein, 606 East 7th Street, Austin, TX 78701.

12. David Machinist is an individual residing in Travis county, state of Texas and can be served at 11928 Natures Bend, Austin, TX 78753.

## THE COPYRIGHTED WORK AT ISSUE

13. In 1973, Duffy created the photograph entitled "Z_1258_11", which is shown below and referred to herein as the "Work".



14. Duffy registered the Work with the Register of Copyrights on September 21, 2017 and was assigned the registration number VA 2-068-612. The Certificate of Registration is attached hereto as Exhibit 1.

15. Duffy's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

16. At all relevant times Duffy was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

17. Defendants have never been licensed to use the Work at issue in this action for any purpose.

18. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

19. On or about February 25, 2020, Duffy discovered the unauthorized use of its Work on the Website.

20. Defendants copied Duffy's copyrighted Work without Duffy's permission.

21. After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their event management and marketing services.

22. Defendants copied and distributed Duffy's copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

23. Duffy's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

24. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

25. Duffy never gave Defendants permission or authority to copy, distribute or display the Work at issue in this case.

26. Duffy notified Defendants of the allegations set forth herein on April 6, 2021 and April 30, 2021.  To date, Defendants have failed to respond to Plaintiff's Notices.  Copies of the Notices to Defendants are attached hereto as Exhibit 3.

## COUNT I
## COPYRIGHT INFRINGEMENT

27. Duffy incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Duffy owns a valid copyright in the Work at issue in this case.

29. Duffy registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

30. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Duffy's authorization in violation of 17 U.S.C. § 501.

31. Defendants performed the acts alleged in the course and scope of its business activities.

32. Defendants' acts were willful.

33. Duffy has been damaged.

34. The harm caused to Duffy has been irreparable.

WHEREFORE, the Plaintiff Duffy Archive Limited prays for judgment against the Defendants Heard Entertainment Texas, LLC and David Machinist that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendants be required to pay Plaintiff its actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiff be awarded pre and post-judgment interest; and

e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: June 18, 2021                     Respectfully submitted,

/s/Joel B. Rothman
JOEL B. ROTHMAN
joel.rothman@sriplaw.com
CRAIG A. WIRTH
craig.wirth@sriplaw.com

**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Duffy Archive Limited*